

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
Southern Division

KEVIN J. JOHNSON,                          *

      Plaintiff,                          *

v.                                                        Case No.: GJH-16-3341

                                   *

UNITED STATES OF AMERICA                *

      Defendant.                          *


\*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*

**MEMORANDUM OPINION**

Plaintiff Kevin J. Johnson brings this *pro se* action against Sheryl Cannon, a supervisor

with the United States Postal Service ("USPS"), relating to alleged defamatory statements Ms.

Cannon made about him in his workplace. Now pending before the Court is a Motion to Dismiss

filed by Defendant United States of America ("United States" or "Defendant"),[1] ECF No. 9. No

hearing is necessary. Loc. R. 105.6 (D. Md. 2016). For the following reasons, Defendant's

Motion to Dismiss is granted.

I.       **BACKGROUND**

On November 24, 2015, Plaintiff received a disciplinary letter, suspending him and

possibly removing him from his position at USPS. ECF No. 2-1. Plaintiff believes that he was

given this letter because of his absences from work. *Id.* He claims his absences were due to

work-related stress and anxiety, stemming from "the continue[d] harassment and slander of my

---

[1] As explained below, the United States Attorney for the District of Maryland certifies that Ms. Cannon is an employee of the United States and was acting within the scope of her employment at the time of the events at issue. ECF No. 9-1 at 1 n. 2. Thus, the United States seeks to substitute itself as the Defendant.

character around the workplace." *Id.* Plaintiff alleges that Ms. Cannon was the individual who made the defamatory "accusation against me," which led to the disciplinary action. *Id.*

On January 13, 2016, Plaintiff filed the instant *pro se* Complaint in the District Court of Maryland for Prince George's County, seeking $27,556.00 in damages for "[d]efamation of character and slander. Making false and damaging statements in my workplace." ECF No. 2. Defendant removed the case to this Court on October 5, 2016. ECF No. 1. Defendant filed a Motion to Dismiss on October 7, 2016. ECF No. 9. On October 11, 2016, the Clerk's office sent Plaintiff a letter, notifying him that a failure to respond to Defendant's motion could result in the dismissal of his case. ECF No. 10. Over six months have passed since the filing of Defendant's motion without a response from Plaintiff.

## II.     STANDARD OF REVIEW

"It is well established that before a federal court can decide the merits of a claim, the claim must invoke the jurisdiction of the court." *Miller v. Brown,* 462 F.3d 312, 316 (4th Cir. 2006). Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction. *See Khoury v. Meserve,* 268 F. Supp. 2d 600, 606 (D. Md. 2003), *aff'd,* 85 F. App'x 960 (4th Cir. 2004). Once a challenge is made to subject matter jurisdiction, Plaintiff bears the burden of proving that subject matter jurisdiction exists. *See Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.,* 166 F.3d 642, 647 (4th Cir. 1999); *see also Ferdinand–Davenport v. Children's Guild,* 742 F. Supp. 2d 772, 777 (D. Md. 2010).

The Court should grant a Rule 12(b)(1) motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans,* 166 F.3d at 647. In ruling on a motion to dismiss under Rule 12(b)(1), the Court "should regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings

2

without converting the proceeding to one for summary judgment." *Ferdinand–Davenport*, 742 F. Supp. 2d at 777 (quoting *Evans*, 166 F.3d at 647); *see also Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

## III. DISCUSSION

### A. Substitution of Proper Party

Plaintiff initially filed suit against Sheryl Cannon in Maryland state court. ECF No. 2.[2] The Federal Tort Claims Act ("FTCA") provides that

> [u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed…to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending….and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(2). Upon removal, Defendant submitted a certification from the United States Attorney for the District of Maryland, stating that "the individual federal employee Defendant Sheryl Cannon was acting within the scope of her employment…at the time of all events at issue and out of which the claims arose." ECF No. 1-1. In its Motion to Dismiss, the United States moved to substitute itself for Ms. Cannon, based on the United States Attorney's certification. ECF No. 9 at 1.[3] Therefore, the Court will instruct the Clerk to substitute the United States of America ("the United States") for Defendant Sheryl Cannon and amend the docket accordingly.

### B. Sovereign Immunity

The FTCA operates as a partial waiver of the Government's sovereign immunity. *See Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 217-18 (2008). However, the waiver does not apply to

---

[2] The United States noted that Plaintiff incorrectly misspelled Ms. Cannon's first name as "Cheryl." ECF No. 9. Therefore, the Court instructs the Clerk to amend the docket to reflect the correct spelling of Ms. Cannon's name.
[3] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

"[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, *slander*, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h) (emphasis added); *Talbert v. United States*, 932 F.2d 1064, 1066 (4th Cir.1991) (holding that defamation claims, based on the communication of untrue statements, encompass elements of both libel and slander and, thus, are also barred by the FTCA).

Here, Plaintiff seeks monetary damages for "[d]efamation of character and slander. Making false and damaging statements in my workplace." ECF No. 2. Thus, Plaintiff's claims are grounded in the torts of defamation and slander, which are either explicitly, in the case of slander, or implicitly, in the case of defamation, barred by the FTCA. *See Young v. United States*, No. CIV. RDB 08-3349, 2009 WL 2170068, at *5 (D. Md. July 20, 2009) (holding that claim for defamation is barred by the FTCA); *Beckwith v. Hart*, 263 F. Supp. 2d 1018, 1021 (D. Md. 2003) (claim for slander is barred by the FTCA).

Accordingly, Plaintiff's claims are dismissed on the basis of sovereign immunity.[4]

---

[4] In a footnote, Defendant contends that the action should also be dismissed for failure to exhaust administrative remedies because Plaintiff "failed to show that he exhausted his administrative remedies before filing suit." ECF No. 9-1 at 4 n. 4. "[F]ailure to file an administrative claim warrants dismissal of [the] Complaint under Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction." *Derricott v. Koch*, No. CIV. DKC 14-3234, 2015 WL 4459962, at *3 (D. Md. July 20, 2015), *report and recommendation adopted*, No. CIV.A. DKC 14-3234, 2015 WL 4647800 (D. Md. Aug. 4, 2015). As Plaintiff has failed to respond to Defendant's motion, and did not include any facts discussing his pursuit of administrative remedies in his Complaint, the Court has no basis on which to find that Plaintiff exhausted his administrative remedies with the USPS, as required by law. Thus, his claims are dismissed for this reason as well. Similarly, if the Court were to liberally construe Plaintiff's Complaint as seeking to bring a claim of discrimination or to challenge an adverse employment action, because of his undisputed status as a federal employee, such claims would be barred for failure to comply with the administrative procedures of either Title VII for discrimination based claims or the Civil Service Reform Act ("CSRA") for other personnel claims. *See Kennedy v. United States*, No. CIV. CCB-14-914, 2014 WL 3700350, at *2 (D. Md. July 23, 2014), *aff'd as modified*, 588 F. App'x 281 (4th Cir. 2014); *Ward v. U.S. Dep't of Commerce*, No. GJH-15-817, 2016 WL 4099071, at *2 (D. Md. Aug. 2, 2016), *reconsideration denied*, No. GJH-15-817, 2017 WL 57781 (D. Md. Jan. 4, 2017).

## IV.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss, ECF No. 9, is granted. A separate Order shall issue.

Date: April 26, 2017

_____
George J. Hazel
United States District Judge